IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LAWRENCE R. SMITH,<br>831 N. Woodrow Street<br>Arlington, VA 22203, on behalf of<br>himself and all similarly situated persons,<br><br>    Plaintiff,<br><br>vs.<br><br>RAYMOND JAMES FINANCIAL, INC.<br>880 Carillon Parkway<br>St. Petersburg, FL 33716, and<br><br>RAYMOND JAMES & ASSOCIATES, INC.,<br>1825 I Street, N.W.<br>Washington, D.C. 20006<br><br>    Defendants. | Case No. _____<br><br>DEMAND FOR JURY TRIAL |

## COLLECTIVE ACTION COMPLAINT AND JURY DEMAND

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Plaintiff Lawrence R. Smith ("Smith"), on behalf of himself and all similarly situated persons, complains of the actions of Defendants Raymond James Financial, Inc. and Raymond James & Associates, Inc. (together, "Raymond James"), and respectfully shows the following:

### JURISDICTION AND VENUE

1. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

1

2. This Court also has personal jurisdiction over Raymond James because Raymond James is licensed to conduct business (and is conducting business) in the District of Columbia.

3. At all relevant times, Raymond James resided, was found, had an agent or conducted business in the District of Columbia. A substantial portion of the events and/or omissions giving rise to the claims of Smith and the members of the collective action he seeks to represent occurred in the District of Columbia. Venue, therefore, is proper in the District of Columbia pursuant to 28 U.S.C. § 1391(b) and (c).

## SUMMARY OF CLAIMS

4. Smith is a former stockbroker in the Raymond James District of Columbia branch office. Smith's position was not exempt from the FLSA overtime provisions.

5. Smith brings this action on behalf of himself and all similarly situated persons (the "Nationwide FLSA Collective Plaintiffs") who were, are, or will be employed by Raymond James nationwide with any of the following job titles: (i) Stockbroker, (ii) Securities Broker, (iii) Financial Advisor, (iv) Financial Services Representative, (v) Investment Executive and/or (vi) Financial Consultant (collectively, "Stockbrokers") within the two (2) year period prior to the date this action was filed through the date of the final disposition of this case (the "Nationwide FLSA Period").

6. Smith alleges that Raymond James unlawfully classified him and the Nationwide FLSA Collective Plaintiffs as exempt from overtime payments under the FLSA even though they are not exempt. Smith and the Nationwide FLSA Collective Plaintiffs worked overtime hours, as defined by the FLSA, and were (and continue to be) entitled to premium compensation at one and one-half times their regular hourly rates ("overtime

compensation") for those hours. Raymond James has willfully refused to pay Smith and the Nationwide FLSA Collective Plaintiffs the required premium compensation for overtime hours worked. Raymond James also has failed to keep complete and accurate time records as required by the FLSA.

7. As a direct and proximate result of Raymond James' wrongful acts, Smith seeks injunctive and declaratory relief, compensation for all uncompensated work required, suffered, or permitted by Raymond James, liquidated and/or other damages and penalties as permitted by applicable law, interest, attorneys' fees, litigation expenses and costs.

## PARTIES

8. Plaintiff Smith is a resident of Arlington, Virginia. Smith was employed by Raymond James in its District of Columbia branch office from February 2003 to June 2005. While employed by Raymond James, Smith worked in excess of forty (40) hours per week without receiving overtime compensation as required by federal law.

9. Smith hereby consents to sue for violations of the FLSA, pursuant to 29 U.S.C. § 216(b).

10. Defendant Raymond James Financial, Inc. is a corporation organized under the laws of the State of Florida, with its principal place of business at 880 Carillon Parkway, St. Petersburg, FL 33716. Raymond James Financial, Inc. provides a variety of financial services to individuals and corporations through its three wholly-owned broker/dealers, Raymond James & Associates, Inc., Raymond James Financial Services, Inc., and Raymond James, Ltd.[1]

---

[1] Upon information and belief, Raymond James Financial Services, Inc. is an independent contractor broker-dealer subsidiary and Raymond James, Ltd. is a Canadian entity providing broker-dealer services only in Canada. As such, these two companies are not named as defendants in this action. If, through appropriate discovery, it is determined that Raymond James Financial Services, Inc. and/or Raymond James, Ltd. has/had operations in the United States and/or violated the FLSA, Smith will amend his complaint accordingly.

3

11. Defendant Raymond James & Associates, Inc. conducts business as an NASD registered securities brokerage firm providing financial and securities brokerage services through its Stockbrokers in offices located nationwide. Raymond James & Associates, Inc. is a corporation organized under the laws of the State of Florida, with its principal place of business at 880 Carillon Parkway, St. Petersburg, FL 33716.

12. At all relevant times during the applicable class period, and according to its website, www.raymondjames.com, Raymond James was (and continues to be) "one of the largest financial service firms in the United States, with 2200 locations worldwide." Upon information and belief, Raymond James employs thousands of stockbrokers and stockbrokers' assistants at any one time, including in the District of Columbia.

13. Raymond James Stockbrokers, including Smith, routinely work more than forty (40) hours per week.

14. Nevertheless, Raymond James does not pay such employees overtime pay.

15. Under federal law, employers must pay an overtime premium to employees who work in excess of forty (40) hours per week unless the employees fall into one or more express "exemptions."

16. Stockbrokers employed by Raymond James on a commission-only basis, such as Smith, do not fit into any such overtime exemptions.

17. While federal law recognizes a limited exemption to overtime rules for certain employees who are paid by commission, Raymond James Stockbrokers *do not* fit within this exemption.

18. To qualify for the commissioned worker exemption, the employee must work in a "retail or service establishment."

19.  Regulations issued by the United States Department of Labor specifically provide that "stock or commodity brokers" *are not* engaged in a "retail or service establishment." *See* 29 C.F.R. § 779.317.

20.  Neither do Stockbrokers employed by Raymond James on a commission-only basis fit within the so-called "executive," "administrative," "professional" or "highly qualified employee" exemptions to the overtime rules.

21.  Each of these exemptions requires the employee to be paid a certain guaranteed weekly minimum on either a "salary basis" or a "fee basis."

22.  Smith and the Nationwide FLSA Collective Plaintiffs are not paid any amounts under either a "salary basis" or "fee basis" as those terms are defined by the applicable overtime regulations.

23.  Rather, Smith and the Nationwide FLSA Collective Plaintiffs are allowed to "draw" or borrow against future commissions.

24.  While Raymond James misclassifies such loans to employees as "salary," these advances against future commissions do not meet the definition of pay on a "salary basis" or "fee basis" set forth in the applicable regulations.

25. Specifically, the weekly draw paid to Smith and the Nationwide FLSA Collective Plaintiffs comes with the corresponding obligation by them to repay the draws either by generating sufficient future commissions to cover the draw or otherwise.

26. The "draw" paid to Smith and the Nationwide FLSA Collective Plaintiffs is likewise subject to reduction based on variations in the quality or quantity of the work performed and other deductions by Raymond James.

27. Nor do Smith and the Nationwide FLSA Collective Plaintiffs meet the "duties" tests for any exemption to the overtime rules.

28. The primary duties of Smith and the Nationwide FLSA Collective Plaintiffs do not consist of performing administrative or managerial tasks, but rather of selling financial products. *See* 29 C.F.R. § 541.203(b) ("an employee whose primary duty is selling financial products does not qualify for the administrative exemption").

29. Smith and the Nationwide FLSA Collective Plaintiffs do not perform duties requiring advanced study at an institution of higher learning in a scientific field or the arts, or an advanced degree.

30. Rather, the commission-only Raymond James Stockbrokers are engaged in "production work," producing the day-to-day goods, services and/or sales that are Raymond James' "product."

31. Because they do not fit into any of the exemptions from overtime pay, Smith and the Nationwide FLSA Collective Plaintiffs are entitled to overtime pay for all work performed in excess of forty (40) hours per week.

## FLSA COLLECTIVE ACTION ALLEGATIONS

32.  Smith brings Count I for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all Nationwide FLSA Collective Plaintiffs.

33.  Smith and the Nationwide FLSA Collective Plaintiffs are similarly situated, have substantially similar job requirements and pay provisions, and are subject to Raymond James' common practice, policy or plan of refusing to pay overtime in violation of the FLSA and unlawfully characterizing Nationwide FLSA Collective Plaintiffs as exempt employees.

34. Count I for violations of the FLSA may be brought and maintained as an "opt-in" collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), for all claims asserted by Smith under the FLSA because Smith's claims are similar to the claims of the other Nationwide FLSA Collective Plaintiffs.

## CAUSES OF ACTION

### COUNT I
### (FLSA Claims, 29 U.S.C. § 201, et seq.)

35. Smith, on behalf of himself and all Nationwide FLSA Collective Plaintiffs, realleges and incorporates by reference paragraphs 1 through 45 as if they were set forth herein.

36. At all relevant times, Raymond James was (and continues to be) an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, Raymond James employs and/or employed "employee[s]," including Smith and each of the collective Nationwide FLSA Collective Plaintiffs. At all relevant times, Raymond James had gross annual operating revenues in excess of $500,000.

37. Smith consents to bring this action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b). It is likely that other individuals will consent to join as plaintiffs in this claim in the future.

38. The FLSA requires each covered employer, such as Raymond James, to compensate all non-exempt employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours in a week.

39. Smith and the Nationwide FLSA Collective Plaintiffs are entitled to be paid overtime compensation for all overtime hours worked.

7

40. At all relevant times, Raymond James had a policy and practice of failing and refusing to pay overtime pay to Smith and the Nationwide FLSA Collective Plaintiffs for the hours they worked in excess of forty (40) hours per week.

41. By failing to compensate Smith and the Nationwide FLSA Collective Plaintiffs at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours in a work week, Raymond James violated (and continues to violate) the FLSA, 29 U.S.C. § 201, *et seq.*, including 29 U.S.C. § 207(a)(1) and § 215(a).

42. By failing to properly record, report and/or compensate Smith and the Nationwide FLSA Collective Plaintiffs, Raymond James has failed (and continues to fail) to make, keep and preserve records with respect to each of its employees sufficient to determine their wages, hours and other conditions and practices of employment, in violation of the FLSA, 29 U.S.C. § 201, *et seq.*, including 29 U.S.C. § 211(c) and § 216(b).

43. Smith, on behalf of himself and the Nationwide FLSA Collective Plaintiffs, seeks damages for unpaid overtime compensation, liquidated damages provided by the FLSA, 29 U.S.C. § 216(b), and such other legal and equitable relief as this Court deems just and proper.

44. Smith, on behalf of himself and the Nationwide FLSA Collective Plaintiffs, also seeks to recover his attorneys' fees, litigation expenses and costs pursuant to the FLSA, 29 U.S.C. § 216(b).

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Lawrence R. Smith, on behalf of himself and the Nationwide FLSA Collective Plaintiffs, respectfully requests that this Court:

(i) designate this action as a collective action on behalf of the Nationwide FLSA Collective Plaintiffs, and designate his Counsel as Collective Action Counsel;

(ii) designate Smith the representative of the Nationwide FLSA Collective Plaintiffs;

(iii) enter a declaratory judgment that the practices complained of herein are unlawful under the FLSA;

(iv) enter an injunction against Raymond James and its officers, agents, successors, employees, representatives, and any and all persons and/or entities acting in concert with it, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

(v) award actual damages, according to proof, including liquidated damages;

(vi) grant pre-judgment and post-judgment interest, as provided by law;

(vii) grant attorneys' fees, including fees pursuant to 29 U.S.C. § 216, litigation expenses and costs; and

(viii) grant such other legal and equitable relief that this Court deems necessary, just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff Lawrence R. Smith respectfully demands a jury trial on all claims and causes of action for which he has a right to a jury trial.

Dated: April 26, 2007

Respectfully submitted,

*/s/ Raymond D. Battocchi*
Raymond D. Battocchi
D.C. Bar No. 237081
**GABELER BATTOCCHI GRIGGS & POWELL PLLC**
1320 Old Chain Bridge Road, Suite 200
McLean, VA 22101
(703) 847-8888; fax (703) 847-9033
Email: Battocchi@aol.com

Wyatt B. Durrette, Jr., Esq.
D.C. Bar No. 411328
Christopher G. Hill, Esq.
VA Bar No. 41538
**DURRETTEBRADSHAW PLC**
600 East Main Street, 20th Floor
Richmond, Virginia 23219
(804) 775-6900
(804) 775-6911 fax

Richard L. Coffman, Esq.
Texas Bar No. 04497460
**THE COFFMAN LAW FIRM**
1240 Orleans St., Suite 200
Beaumont, TX 77701
(409) 832-4767
(866) 835-8250 fax
Charles R. Watkins, Esq.
John R. Wylie, Esq.
**FUTTERMAN, HOWARD, WATKINS,
    WYLIE & ASHLEY, CHTD.**
122 S. Michigan Avenue, Suite 1850
Chicago, IL 60603
(312) 427-3600
(312) 427-1850 fax

James E. Hasser, Jr., Esq.
**DIAMOND HASSER & FROST**
1325 Dauphine Street
Mobile, AL 36604
(800) 562-3362
(251) 432-7702 Fax

**ATTORNEYS FOR PLAINTIFF
LAWRENCE R. SMITH AND THE
NATIONSIDE FLSA COLLECTIVE
PLAINTIFFS**