IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LAWRENCE R. SMITH,
831 N. Woodrow Street
Arlington, VA 22203, on behalf of
himself and all similarly situated persons,

       Plaintiff,

vs.

RAYMOND JAMES FINANCIAL, INC.
880 Carillon Parkway
St. Petersburg, FL 33716, and

RAYMOND JAMES & ASSOCIATES, INC.,
1825 I Street, N.W.
Washington, D.C. 20006

       Defendants.
_____/

Case No. 1:07 CV 00759-JDB
Assigned to Bates, John D.
Assign Date: 4/26/2007
Description: Labor-ERISA

**DEFENDANTS RAYMOND JAMES FINANCIAL, INC. AND RAYMOND JAMES &
ASSOCIATES, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S
COLLECTIVE ACTION COMPLAINT AND JURY DEMAND**

      Defendants Raymond James Financial, Inc. ("RJF" or "Parent Company") and Raymond James & Associates, Inc. ("RJA" or "Broker/Dealer") (collectively, "Defendants) hereby answer, by corresponding paragraph numbers, Plaintiff Lawrence R. Smith's Collective Action Complaint and Jury Demand ("Complaint"). For convenience, Defendants use the same headings used by Plaintiff in the Complaint.

**JURISDICTION AND VENUE**

      1.    Defendants admit that this Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and Section 16(b) of the Fair Labor Standards Act, 29 U.S.C. § 216(b) ("FLSA"). Defendants deny, however, that Plaintiff is entitled to any relief under the FLSA or any other statute.

2.      Defendants admit that this Court has personal jurisdiction over RJA, and that RJA is licensed to, and does, conduct business in the District of Columbia.  Defendants deny that this Court has personal jurisdiction over RJF, and further deny the remaining allegations set forth in Paragraph 2 of the Complaint.

3.      Defendants admit that RJA conducted business in the District of Columbia at all times relevant to this Complaint, and that venue is proper in the District of Columbia pursuant to 28 U.S.C. § 1391.  Defendants deny, however, that: (a) RJF resided, was found, had an agent, or conducted business in the District of Columbia; (b) they engaged in any unlawful acts that give rise to Plaintiff's claims; (c) Plaintiff can institute or maintain a "collective action"; (d) there are any employees who are "similarly situated" to Plaintiff; and (e) Plaintiff, or any other alleged members of the purported collective action, are entitled to any relief from Defendants. Defendants further deny the remaining allegations set forth in Paragraph 3 of the Complaint.

## SUMMARY OF CLAIMS

4.      Defendants admit that Plaintiff worked as a financial advisor with RJA in its Washington, D.C., branch office.  Defendants deny that RJF employed Plaintiff, and further deny the remaining allegations set forth in Paragraph 4 of the Complaint.

5.      Defendants admit that Plaintiff purports to bring this action on behalf of himself and all allegedly "similarly situated" individuals who were, are, or will be employed by Defendants nationwide with the job titles of stockbroker, securities broker, financial advisor, financial services representative, investment executive, and/or financial consultant, within the two year period preceding the filing of this action, and through the date of the final disposition of this case.  Defendants deny, however: (a) all liability; (b) that there are any individuals who are "similarly situated" to Plaintiff; (c) that RJF employs any stockbrokers, securities brokers, financial advisors, financial services representatives, investment executives, and/or financial

consultants, or that it is an appropriate Defendant to this action; (d) that this action is appropriate for collective action treatment; and (e) that this lawsuit is appropriate, authorized, or has any merit whatsoever. Defendants further deny the remaining allegations set forth in Paragraph 5 of the Complaint.

6. Defendants deny the allegations set forth in Paragraph 6 of the Complaint.

7. Defendants admit that Plaintiff seeks injunctive and declaratory relief, compensation for allegedly uncompensated work, liquidated and/or other damages and penalties as permitted by applicable law, interest, attorneys' fees, litigation expenses and costs. Defendants deny, however, that they engaged in any wrongful acts, that any of their actions directly and proximately resulted in damages to Plaintiff, and that Plaintiff is entitled to any relief whatsoever. Defendants further deny the remaining allegations set forth in Paragraph 7 of the Complaint.

## PARTIES

8. Defendants lack sufficient knowledge or information to form a belief as to Plaintiff's city and state of residence, and therefore deny those allegations. Defendants admit that Plaintiff was employed by RJA in its District of Columbia branch office from February 2003 to June 2005. Defendants deny that RJF employed Plaintiff, and further deny the remaining allegations set forth in Paragraph 8 of the Complaint.

9. Defendants admit that Plaintiff purports to consent to sue for violations of the FLSA. Defendants deny that they violated the FLSA, and deny that Plaintiff is entitled to any relief under the FLSA or under any other statute.

10. Defendants admit that RJF is a Florida-based holding company with its headquarters located at 880 Carillon Parkway, St. Petersburg, Florida 33716. Defendants further admit that RJF's three wholly-owned broker dealers – RJA, Raymond James Financial

Services, Inc., and Raymond James, Ltd. – provide financial services to individuals and corporations. Defendants deny, however, that RJF employed Plaintiff, that it is a proper Defendant in this action, that it violated the FLSA, or that it is liable to Plaintiff in any way, under the FLSA or any other statute. Defendants further deny the remaining allegations set forth in Paragraph 10 of the Complaint.[1]

11. Defendants admit the allegations set forth in Paragraph 11 of the Complaint.

12. The allegations set forth in the first sentence of Paragraph 12 of the Complaint consist of citations that are purported to be from the website www.raymondjames.com, and to the extent they are accurate, speak for themselves. Defendants admit that RJA employs financial advisors and assistants, in the District of Columbia and other locations. Defendants deny, however, that: (a) RJA employs "thousands" of stockbrokers and assistants at any one time; (b) RJA has 2200 locations worldwide; (c) RJF employs any stockbrokers and stockbroker assistants whatsoever; and (d) RJF has any office locations in the District of Columbia. Defendants further deny the remaining allegations set forth in Paragraph 12 of the Complaint.

13. Defendants deny the allegations set forth in Paragraph 13 of the Complaint.

14. Defendants admit that RJA does not pay its exempt financial advisors overtime pay. Defendants deny that RJF employs any financial advisors or stockbrokers, and further deny the remaining allegations set forth in Paragraph 14 of the Complaint.

---

[1] With reference to the allegations set forth in Footnote 1 to Paragraph 10 of the Complaint, Defendants admit that Raymond James Financial Services is an independent contractor broker-dealer subsidiary, and that Raymond James, Ltd. is a Canadian entity providing broker-dealer services in Canada. Defendants further admit that these two companies are not named as Defendants to this action, and deny that Plaintiff could properly amend the complaint to add them as defendants in the future. Defendants further deny the remaining allegations set forth in Footnote 1 to Paragraph 10 of the Complaint.

15. The allegations set forth in Paragraph 15 of the Complaint consist of legal conclusions and purported statements of law necessitating no response from the pleader, and that, to the extent they are accurate, speak for themselves.

16. Defendants deny that RJF employs any financial advisors or stockbrokers, and further deny the remaining allegations set forth in Paragraph 16 of the Complaint.

17. Defendants deny that RJF employs any financial advisors or stockbrokers, and further deny the remaining allegations set forth in Paragraph 17 of the Complaint.

18. The allegations set forth in Paragraph 18 of the Complaint consist of legal conclusions and purported statements of law necessitating no response from the pleader, and that, to the extent they are accurate, speak for themselves.

19. The allegations set forth in Paragraph 19 of the Complaint consist of legal conclusions and regulatory language necessitating no response from the pleader, and that, to the extent they are accurate, speak for themselves.

20. Defendants deny that RJF employs any financial advisors or stockbrokers, and further deny the remaining allegations set forth in Paragraph 20 of the Complaint.

21. The allegations set forth in Paragraph 21 of the Complaint consist of legal conclusions and purported statements of law necessitating no response from the pleader, and that, to the extent they are accurate, speak for themselves.

22. Defendants deny the allegations set forth in Paragraph 22 of the Complaint.

23. Defendants deny the allegations set forth in Paragraph 23 of the Complaint.

24. Defendants deny the allegations set forth in Paragraph 24 of the Complaint.

25. Defendants deny the allegations set forth in Paragraph 25 of the Complaint.

26. Defendants deny the allegations set forth in Paragraph 26 of the Complaint.

27.     Defendants deny the allegations set forth in Paragraph 27 of the Complaint.

28.     The allegations set forth in the parenthetical in Paragraph 28 of the Complaint consist of regulatory language necessitating no response from the pleader, and that, to the extent it is accurate, speaks for itself.  Defendants deny the remaining allegations set forth in Paragraph 28 of the Complaint.

29.     Defendants deny the allegations set forth in Paragraph 29 of the Complaint.

30.     Defendants deny that RJF employs any financial advisors or stockbrokers, and further deny the remaining allegations set forth in Paragraph 30 of the Complaint.

31.     Defendants deny the allegations set forth in Paragraph 31 of the Complaint.

## **FLSA COLLECTIVE ACTION ALLEGATIONS**

32.     Defendants admit that Plaintiff purports to bring a claim for alleged violation of the FLSA as a collective action, on behalf of an alleged group of individuals that he refers to as the "Nationwide FLSA Collective Plaintiffs."  Defendants deny that: (a) they violated the FLSA; (b) there are any individuals who are "similarly situated" to Plaintiff; (c) this action is appropriate for collective action treatment; and (d) this lawsuit is appropriate, authorized, or has any merit whatsoever.

33.     Defendants deny the allegations set forth in Paragraph 33 of the Complaint.

34.     Defendants deny the allegations set forth in Paragraph 34 of the Complaint.

## **CAUSES OF ACTION**

### **COUNT I**
### **(FLSA Claims, 29 U.S.C. §201, et seq.)**

35.     In response to Paragraph 35 of the Complaint, Defendants repeat and incorporate by reference each of their responses to Paragraphs 1 through 34 of the Complaint with the same force and effect as though fully set forth herein.

36.     Defendants admit that RJA employed Plaintiff, and that at all relevant times, RJA had gross annual operating revenues in excess of $500,000. Defendants deny that RJF employed Plaintiff or any of the purported "Nationwide FLSA Collective Plaintiffs." The remaining allegations set forth in Paragraph 36 of the Complaint call for legal conclusions to which no responses are required, and are therefore denied.

37.     Defendants admit that Plaintiff purports to consent to bring this action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b). Defendants lack sufficient knowledge or information to form a belief as to the likelihood of other individuals consenting to join as plaintiffs in the future, and therefore deny those allegations.

38.     The allegations set forth in Paragraph 38 of the Complaint consist of legal conclusions and purported statements of law necessitating no response from the pleader, and that, to the extent they are accurate, speak for themselves

39.     Defendants deny that Plaintiff was entitled to overtime compensation, deny that there are any individuals who are "similarly situated" to Plaintiff, deny that Plaintiff can institute or maintain a "Nationwide FLSA Collective" action, and deny that Plaintiff or any alleged "similarly situated" individuals are entitled to any relief from Defendants. Defendants further deny the remaining allegations set forth in Paragraph 39 of the Complaint.

40.     Defendants deny the allegations set forth in Paragraph 40 of the Complaint.

41.     Defendants deny the allegations set forth in Paragraph 41 of the Complaint.

42.     Defendants deny the allegations set forth in Paragraph 42 of the Complaint.

43.     Defendants admit that Plaintiff seeks damages for allegedly unpaid overtime compensation, liquidated damages, and other legal and equitable relief, on behalf of himself and the purported "Nationwide FLSA Collective Plaintiffs." Defendants deny that there are any

individuals who are "similarly situated" to Plaintiff, deny that Plaintiff can institute or maintain a "Nationwide FLSA Collective" action, and deny that Plaintiff or any alleged "similarly situated" individuals are entitled to any relief from Defendants under the FLSA or any other statute.

44.     Defendants admit that Plaintiff seeks to recover his attorneys' fees, litigation expenses, and costs under the FLSA, on behalf of himself and the purported "Nationwide FLSA Collective Plaintiffs."  Defendants deny that there are any individuals who are "similarly situated" to Plaintiff, deny that Plaintiff can institute or maintain a "Nationwide FLSA Collective" action, and deny that Plaintiff or any alleged "similarly situated" individuals are entitled to any relief from Defendants under the FLSA or any other statute.

45.     Defendants deny all liability in this case, deny that there are any employees who are "similarly situated" to Plaintiff, and further deny that Plaintiff or those allegedly "similarly situated" to Plaintiff are entitled to any of the relief requested, including that set forth in the unnumbered *ad damnum* clause immediately following Paragraph 44 of the Complaint, including subparts (i) through (viii), or to any relief whatsoever from Defendants.

## GENERAL DENIAL

Defendants deny each and every allegation of fact, conclusion of law, or other matter contained in the Complaint that has not been expressly admitted herein.

## AFFIRMATIVE DEFENSES AND DEFENSES

1.     Plaintiff's Complaint fails, in whole or in part, to allege sufficient ultimate facts upon which relief can be granted, and, accordingly, it must be dismissed.

2.     Plaintiff is not "similarly situated" to any current or former employee of Defendants.

3.     Plaintiff has not alleged sufficient facts to justify a collective action.

CASE NO. 1:07 CV 00759-JDB

4. Plaintiff, and the alleged "similarly situated" employees, if any, are not entitled to overtime compensation because they are exempt from the overtime provisions of the FLSA under one or more exemptions, or combination of exemptions, including but not limited to administrative, executive, highly compensated, professional and/or outside sales.

5. Plaintiff's claims, and those of the alleged "similarly situated" employees, if any, are barred, in whole or in part, by the applicable statute of limitations.

6. All or part of Plaintiff's claims, and those of the alleged "similarly situated" employees, if any, are barred by the doctrines of estoppel, offset and/or setoff.

7. Plaintiff cannot maintain this action against Defendants and cannot serve as a class representative, now or in the future.

8. Plaintiff was never employed by RJF, nor were the alleged "similarly situated" employees, if any.

9. This Court lacks personal jurisdiction over RJF.

10. Plaintiff's damages, and those of the alleged "similarly situated" employees, if any, are limited by the provisions of the FLSA and any relevant wage and hour law.

11. If Plaintiff and the alleged "similarly situated" employees, if any, prove that Defendants acted in violation of the FLSA, which is denied, such action was not willful or reckless, but rather was in good faith and based upon a reasonable belief that such action was not a violation of the FLSA. Thus, liquidated damages would not be warranted.

12. If Plaintiff and the alleged "similarly situated" employees, if any, are able to show a violation of the FLSA, which is denied, Defendants are entitled to seek a set-off for any paid but unearned wages.

13. Plaintiff failed and/or refused to mitigate his damages, if any.

CASE NO. 1:07 CV 00759-JDB

14.     Defendants reserve the right to assert additional defenses and affirmative defenses as Plaintiff's claims are clarified in the course of this litigation.

WHEREFORE, Defendants Raymond James Financial, Inc. and Raymond James & Associates, Inc. respectfully request that this Court dismiss Plaintiff's case with prejudice, enter judgment against Plaintiff, and award Defendants their reasonable attorneys' fees and costs for having to defend this case.

Dated this 25th day of June, 2007.

>   Respectfully submitted,
>
>   Morgan Lewis & Bockius  LLP
>   Counsel for Defendants
>
>   /s/ Katherine J. Emig
>   Katherine J. Emig
>   D.C. Bar No. 496410
>   kemig@morganlewis.com
>   Morgan, Lewis & Bockius LLP
>   1111 Pennsylvania Avenue, N.W.
>   Washington, D.C.  20004
>   Telephone:  202.739.5686
>   Facsimile:  877.432.9652
>
>   Anne Marie Estevez, Esq.
>   D.C. Bar No. 499841
>   aestevez@morganlewis.com
>   Morgan Lewis & Bockius  LLP
>   5300 Wachovia Financial Center
>   200 South Biscayne Boulevard
>   Miami, Florida  33131-2339
>   Telephone:  305.415.3330
>   Facsimile:  877.432.9652

CASE NO. 1:07 CV 00759-JDB

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that:  I electronically filed the foregoing Answer and Affirmative Defenses, by using the CM/ECF system, which will, in turn, send a notice of electronic filing to Counsel of Record for Plaintiff Lawrence R. Smith, Raymond D. Battocchi, Esq., Gabeler Battocchi Griggs & Powell, PLLC, 1320 Old Chain Bridge Road, Suite 200, McLean, VA 22101, this <u>25th</u> day of June, 2007.

                                            /s/ Katherine J. Emig
                                            Katherine J. Emig