IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LAWRENCE R. SMITH,
831 N. Woodrow Street
Arlington, VA 22203, on behalf of
himself and all similarly situated persons,

    Plaintiff,

vs.

RAYMOND JAMES & ASSOCIATES, INC.,
1825 I Street, N.W.
Washington, D.C. 20006

    Defendant.
_____/

**FILED**

**SEP 2 1 2007**

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Case No. 1:07 CV 00759-JDB
Assigned to Bates, John D.
Assign Date: 4/26/2007
Description: Labor-ERISA

## CONFIDENTIALITY AGREEMENT AND STIPULATED PROTECTIVE ORDER

IT IS HEREBY AGREED by and among the undersigned parties, through their counsel of record, as follows:

1.    This Confidentiality Agreement and Stipulated Protective Order ("Agreement") shall govern all documents and discovery materials produced within the context of litigation. This Agreement is fully enforceable as a contract in any court of competent jurisdiction.

2.    As used herein, the term "document" or "documents" shall have the same meaning as "writings" or "recordings" as defined in Rule 1001 of the Federal Rules of Evidence and shall also include information stored on computer discs or stored in any other data compilation process from which information can be transcribed.

3.    As used herein, the term "counsel of record" shall mean the attorneys of record and such legal associates, legal assistants, paralegals, and clerical or other support staff who are employed by such counsel and actually involved in assisting in the litigation.

4.    As used herein, the term "person" shall mean, in the plural as well as in the singular, any individual, corporation, firm, association, partnership, business trust, governmental body or any other legal or business entity, unless specified herein to the contrary.

CASE NO. 1:07 CV 00759-JDB

5.	As used herein, the term "party" shall mean, in the plural as well as the singular, the plaintiff Lawrence R. Smith ("Plaintiff") and/or the defendant Raymond James & Associates, Inc. ("RJA" or "Defendant"), and shall include Defendant's directors, officers, employees or agents, past or present.

6.	All documents and information provided or produced by the parties within the context of this litigation that fall within the following categories shall be designated "Confidential Material": (1) information in which the party or a third party has a protected privacy interest, including but not limited to compensation information and information contained in Defendant's employee personnel files or client files; (2) information that is proprietary and confidential business or financial information or trade secrets information, including but not limited to training materials and compensation plans, materials that are sales-related or relate to Defendant's sales strategy, or information produced by the designating party which the designating party reasonably believes could harm its reputation, interests, or business or that of its employees if disclosed; and (3) the identity of or information relating to Defendant's customers and employees. Either party shall have the right to designate as "Confidential Material" documents of this or a similar nature.

7.	Any party who objects to the classification of material as confidential shall notify the opposing party in writing of that objection within ten (10) days of the date that the designation is made and specify the material to which the objection is made. The parties shall, within 10 days of service of the written objection, meet and confer concerning the objection. If the objection is not resolved at the meeting, the party objecting to the classification of the material as confidential shall, within 10 days of the expiration of the meet and confer period, file a motion (or raise the issue by other procedures as directed by this Court) to resolve the dispute

‌

‌

CASE NO. 1:07 CV 00759-JDB

over the confidential nature of the material, and the party designating the material as confidential shall bear the burden of proof on the issue. If no such motion is filed within the stated time period, the material will be considered confidential and will continue to be subject to the protection of this Agreement.

8. As used herein, the term "Confidential Material" shall refer to all documents (including any portions thereof and any information contained therein) produced in this litigation which has stamped or affixed thereon the word "CONFIDENTIAL." If a document cannot be labeled in accordance with this paragraph without obliterating all or a portion of its content, the document may be designated as confidential when produced if a transmittal or letter is sent within a reasonable time period with or after the production of the document(s) stating that the information produced is confidential and subject to this Agreement.

9. Deposition testimony believed by a party to disclose Confidential Material may be designated as "Confidential Material" during or within 30 days after receipt of the deposition transcript, in which case the portions of the transcript containing Confidential Material shall be marked "CONFIDENTIAL" by both parties and shall be subject to the provisions of Paragraph 7 above. Similar practicable arrangements may be made to separate and protect Confidential Material in videotaped depositions. All other portions of the deposition, or the entire transcript or videotape if no designation is made, shall not be confidential and shall not fall within the terms of this Agreement.

10. Parties may also designate as "Confidential Material" any oral arguments and/or testimony relating to, referring to, describing, or discussing documents and information designated as "Confidential Material" by this Agreement, by stating on the record that specific portions are deemed "Confidential."

CASE NO. 1:07 CV 00759-JDB

11.     Nothing in this Agreement shall affect the rights of any party to enforce any rights it may have regarding the confidentiality of documents and other information disclosed or transferred to another party or person prior to the institution of the present litigation.

12.     Confidential Material shall be disclosed only to:

   i. The Court and its officers pursuant to Paragraph 19 hereof;

   ii. The Plaintiff and employees and prior employees of Defendant that become involved in this case, provided that they sign this Agreement and agree not to disclose Confidential Material to any other person including, but not limited to, any present or former employees of Defendant that are not involved in this case, and agree that Confidential Material shall be used only for purposes of this case;

   iii. Experts and/or consultants retained by counsel of record on behalf of the parties;

   iv. Witnesses or potential witnesses to the extent allowed by Paragraphs 14 and 17 below;

   v. Representatives of insurance companies of the parties;

   vi. Counsel of record and the respective personnel of the law firms as set forth in Paragraph 3;

   vii. Persons who have had previous access to the designated material or the information contained therein;

   viii.     Defendant's agents, managers, lawyers, and personnel as needed;

   ix. Such other persons as hereinafter may be designated by written stipulation of the party producing the Confidential Material and the party seeking to make the disclosure, or by further Order of the Court.

10.     Confidential Material produced by Defendant shall not be disclosed to witnesses who are applicants, employees, or former employees except in the following circumstances: employees and former employees may review the documents contained in their own personnel and/or payroll files, except that no such materials shall be disclosed to those persons pursuant to this exception unless the files have been specifically designated by Defendant as constituting the individual's personnel and/or payroll file.

1-MI/604353.1                                    4

11.     Except as set forth above, Confidential Material shall be treated as confidential by all persons to whom such information may be disclosed and shall be used by such persons solely for the prosecution or defense of the claims in this action.

12.     If counsel for Plaintiff or Defendant should conclude that for the purpose of this action either side needs to disclose any Confidential Material or information derived from Confidential Material to any person not described in Paragraph 13 of this Agreement, counsel must request permission from opposing counsel in writing. If opposing counsel objects to the proposed disclosure, no such disclosure shall be made unless the Court orders otherwise. However, each party may disclose its own Confidential Material without regard to this Agreement unless otherwise under an existing duty to another party not to do so.

13.     Any person to whom the Confidential Material may be shown pursuant to Paragraph 13 (ii) through (v), (vii), and (ix) hereof shall first be shown or read a copy of this Agreement and shall agree in writing to be bound by its terms by signing a copy of a Confidentiality Agreement and signing the form attached hereto as Exhibit 1, which indicates that he or she has reviewed and consents to be bound by the terms thereof. Counsel obtaining the person's signature on the Confidentiality Agreement will retain the original signed agreement. A deponent may be examined regarding Confidential Material unless a party objects to the examination because the deponent will not agree in writing or on the record to be bound by the terms of the Confidentiality Agreement. In the event of such objection, the objecting party shall within 10 days of the completion of the deposition file a notice or other application to the Court to resolve the dispute and shall bear the burden on the issue. The parties agree, however, to make every reasonable effort to attempt to have the deponent agree to sign and be bound by the terms of this Agreement.

CASE NO. 1:07 CV 00759-JDB

14.  Upon final termination of this action, unless otherwise agreed to in writing by counsel of record for the producing party, each party shall promptly assemble upon written request and return all Confidential Material, including all copies thereof, to the producing party. The producing party to whom Confidential Material is returned shall acknowledge receipt of such material in writing.  In the event no request is received within three months of the conclusion of this case, the documents shall be destroyed.

15.  Where any Confidential Material or information derived from Confidential Material is included in any papers filed with the Court, such papers shall be marked "CONFIDENTIAL," individually or collectively, and placed in a sealed envelope marked with the caption of the case, a general description of the contents of the envelope and a statement substantially in the following form: "DOCUMENTS SUBJECT TO PROTECTIVE ORDER. This envelope contains documents subject to an Agreed Protective Order entered in this action. It is not to be opened nor are the contents thereof to be displayed, revealed or made public except by order of this Court."  In the event that the Court declines to enter this Agreement as an Order of the Court, the parties agree that they will jointly request leave of the Court to file papers under seal when filing a paper that contains Confidential Material, and agree that the Court's disposition of that request will control the filing.  Upon appeal of this case, all "Confidential Material" filed with the District Court shall be a part of the record just as any other documents and neither party shall object to its inclusion in the record on the basis of confidentiality.

16.  This Agreement does not constitute a waiver of any party's rights to object to discovery on any grounds, including the grounds that the information sought contains trade secrets, confidential business and/or financial information and/or information in which third parties have a privacy right.  This Agreement does not constitute an admission by any party that

CASE NO. 1:07 CV 00759-JDB

any Confidential Material is in fact a trade secret, confidential business or financial information and/or information in which a third party has a privacy right.

17.  This Agreement is not intended to govern the use of Confidential Material at any trial of this action. Questions of the protection of Confidential Material during trial will be resolved by the parties, or the Court if the parties cannot agree, prior to or during trial.

18.  If a third-party, another court, or administrative or government agency subpoenas or orders production of Confidential Material that a party has obtained under the terms of this Agreement, such party shall promptly notify in writing the producing party of the pendency of the subpoena or order and shall not produce the Confidential Material until the producing party has had reasonable time to object or otherwise take appropriate steps to protect the Confidential Material. Moreover, the parties will not object to the producing party's attempt to protect the Confidential Material.

19.  This Agreement will continue in full force and effect if severed or transferred to another forum.

It is so stipulated, this 20th day of September, 2007.

Respectfully submitted,

/s/ Sharon A. Lisitzky
Anne Marie Estevez, Esq., D.C. Bar No. 499841
aestevez@morganlewis.com
Sharon A. Lisitzky
slisitzky@morganlewis.com
Morgan Lewis & Bockius LLP
5300 Wachovia Financial Center
200 South Biscayne Boulevard
Miami, Florida 33131-2339
(305) 415-3330; fax: (877) 432-9652

*Counsel for Defendant RJA*

CASE NO. 1:07 CV 00759-JDB

/s/ Raymond D. Battocchi
Raymond B. Battocchi, D.C. Bar No. 2370781
Battocchi@aol.com
Gabeler Battocchi Griggs & Powell PLLC
1320 Old Chain Bridge Road, Suite 200
McLean, VA 22101
(703) 847-8888; fax: (703) 847-9033

Wyatt B. Durrette, Jr.
Christopher G. Hill
DurretteBradshaw PLC
600 East Main Street, 20th Floor
Richmond, VA 23219
(804) 775-6900; fax: (804) 775-6911

Richard L. Coffman
The Coffman Law Firm
505 Orleans, Suite 505
Beaumont, TX 77701
(409) 833-7700; fax: (866) 835-8250

John R. Wylie and Charles R. Watkins
Futterman Howard Watkins Wylie & Ashley
122 S. Michigan Avenue, Suite 1850
Chicago, Illinois 60603
(312) 427-3600; fax: (312) 427-1850

James E. Hasser, Jr.
Diamond Hasser & Frost
1325 Dauphine Street
Mobile, Alabama 36604
(800) 562-3362; fax: (251) 432-7702

*Counsel for Plaintiff Lawrence R. Smith*

APPROVED AND ORDERED in Chambers this 20th day of September, 2007.

_____
THE HONORABLE JOHN D. BATES
UNITED STATES DISTRICT COURT

CASE NO. 1:07 CV 00759-JDB

## **EXHIBIT 1**

I hereby acknowledge that I have been provided with a copy of the Stipulated Protective Order on Confidentiality entered in *Lawrence R. Smith v. Raymond James & Associates, Inc.*, Case No. 1:07-CV-00759-JDB, in the United States District Court for the District of Columbia, that I have read and understand its provisions; that I have asked counsel who provided me with this acknowledgment to explain any provisions which were not clear to me, and that counsel has done so; and that I agree to be bound by its terms with respect to all CONFIDENTIAL MATERIAL and its contents which may be disclosed to me in connection with this litigation.

_____

Name:

Business Affiliation:

Address: